UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL THIELS, derivatively on behalf of SUNNOVA ENERGY INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM J. BERGER, ROBERT L. LANE, NORA MEAD BROWNELL, DOUG KIMMELMAN, C. PARK SHAPER, MARK LONGSTRETH, RAHMAN D'ARGENIO, MICHAEL C. MORGAN, ANNE SLAUGHTER ANDREW, AKBAR MOHAMED, and MARY YANG, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Case No. 4:24-cv-01668 |

**NOMINAL DEFENDANT SUNNOVA ENERGY INTERNATIONAL'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR
EXTENSION OF DEADLINE TO RESPOND TO COMPLAINT**

Nominal Defendant Sunnova Energy International Inc. ("Sunnova") files this reply to Plaintiff's Response ("Response," Dkt. 23) to Sunnova's Emergency Motion for Extension of Deadline to Respond to Complaint ("Motion," Dkt. 11).

Plaintiff's Response illustrates why Sunnova was forced to file its Motion, and to do so on an emergency basis fully consistent with this Court's rules.[1] On the one hand, Plaintiff admits that it *does not want* Sunnova to file a response to the Complaint today and, in fact, does not want Sunnova to file a response on *any* particular date. Resp. 7. On the other hand, Plaintiff was happy to treat Sunnova's response deadline as leverage, refusing to sign a stipulation extending that deadline unless and until Sunnova (and the other Defendants) caved to Plaintiff's demand to jettison their responsive pleading deadlines altogether in favor of a date to submit an undefined

---

[1] Sunnova's answer deadline is not a deadline in a "Scheduling and Docket Control Order." *Contra* Resp. 1.

"proposed schedule." That smacks of gamesmanship. And when no amount of conferring dissuaded Plaintiff from holding Sunnova hostage in that manner—but with Sunnova's answer deadline days away—Plaintiff cannot credibly claim surprise at the exigency he created.

As for Plaintiff's contemplated "proposed schedule" behind his refusal to consent to an extension, he offers not the slightest indication of its timing or function, other than to account for the *potential* for an outside-the-rules, pre-motion-to-dismiss amendment that Plaintiff may or may not ultimately wish to pursue. Resp. 1 ("deadline to determine whether Plaintiff will amend before Sunnova responds"). He offers no explanation why that contingency is not fully accommodated by (a) this Court's pre-motion-to-dismiss conferral process, which would illuminate whether Plaintiff intends to amend and incentivizes Defendants to agree to such amendment for efficiency's sake, or (b) Rule 15(a)(1)(B)'s provision of one amendment as a matter of right within 21 days after a responsive pleading. And he offers no instance of a court indefinitely deferring a Defendants' response deadline in circumstances like these—only the tellingly different circumstance of a *post-consolidation* stipulation that must necessarily account for the designation or filing of a consolidated amended complaint to replace the individual complaints. Resp. 6-7 & Ex. 7.[2] With neither authority nor an articulable need for the schedule that caused the impasse, Plaintiff's Response leaves little doubt that he simply wants to leverage Sunnova's responsive pleading deadline into a functional stay of the case while the federal securities class action proceeds. *Id.* at 5.

Finally, with respect to the Individual Defendants' July 9 response deadline and their execution of service waivers, Plaintiff's protest that he never formally requested that the Individual Defendants execute service waivers and that Defendants "manipulate[d] the docket" is

---

[2] In *Roe v. Cypress-Fairbanks Independent School District*, No. CV H-18-2850, 2024 WL 2261956, at *2 (S.D. Tex. May 16, 2024), the parties agreed to vacate deadlines governing "damages discovery" while a relevant case regarding recoverability of damages was pending at the Supreme Court. It has no relevance here.

nonsense. Resp. 2-3. When the Individual Defendants offered to execute service waivers on May 10, Plaintiff then agreed that the stipulation could cover "acceptance of service … without the need for the additional waivers." Mot. Ex. B at 10. Because the parties could not then agree on the stipulation extending Sunnova's answer deadline and acknowledging acceptance of service, the Individual Defendants were forced to memorialize their May 10 acceptance of service through formal waivers. For Plaintiff to now suggest that he never intended—and evidently still does not intend—to effectuate service on the Individual Defendants is rather remarkable.

For these reasons, Sunnova respectfully requests that the Court grant its Motion and enter the Proposed Order attached thereto.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Danny David*
    Danny David
      *Attorney-In-Charge*
    Texas Bar No. 24028267
    Federal I.D. No. 37808
    Amy Pharr Hefley
    Texas Bar No. 24046046
    Federal I.D. No. 870378
    Anthony J. Lucisano
    Texas Bar No. 24102118
    Federal I.D. No. 3369146
    910 Louisiana Street
    Houston, Texas 77002
    (713) 229-4055
    (713) 229-2855 (Fax)
    danny.david@bakerbotts.com
    amy.hefley@bakerbotts.com
    anthony.lucisano@bakerbotts.com

**ATTORNEYS FOR NOMINAL DEFENDANT SUNNOVA ENERGY INTERNATIONAL INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2024, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Danny David*
Danny David

4